IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **POOL COVER SPECIALISTS NATIONAL, INC.,**<br><br>    Plaintiff,<br><br>vs.<br><br>**COVER-POOLS INCORPORATED,**<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER STAYING CASE**<br><br><br>Case No.  2:08CV879DAK<br><br>Judge Dale A. Kimball |

  This matter is before the court on Defendant Cover-Pools Incorporated's ("CPI") Motion to Stay Case.  The motion is fully briefed.  The court, however, concludes that a hearing on the motion would not significantly aid in the court's determination of the motion.  Accordingly, the court enters the following Memorandum Decision and Order.

## BACKGROUND

  In October of 2006, Plaintiff Pool Cover Specialists National, Inc. ("PCSN") obtained U.S. Patent No. 7,114,297 (the '297 Patent) with respect to modular corner pieces for vinyl-liner swimming pools.  In April of 2007, PCSN sent CPI a cease and desist letter, notifying CPI of its claims of alleged infringement. The parties did not resolve the dispute, and, on November 14, 2008, PCSN filed the instant case against CPI.  PCSN served the Complaint on CPI on March 6, 2009.

On July 7, 2009, CPI filed a Request for Reexamination under 35 U.S.C. §§ 302-307 asking the United States Patent and Trademark Office to reexamine the '297 Patent based on multiple pieces of prior art that were not before the USPTO during the initial prosecution of the patent.  Any person may request the USPTO to reexamine any claim of a patent on the basis of prior art patents and other prior art publications.  35 U.S.C. § 302.  The USPTO will grant the request for reexamination if "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request."  *Id.* § 303(a).

CPI then moved for this case to be stayed if reexamination was granted.  On August 14, 2009, the USPTO granted reexamination on multiple grounds for claims 1-9, 11, 13-20, 34 and 36 of the '297 Patent.  Once the USPTO undertakes to reexamine a patent, it shall do so with "special dispatch" and cannot be otherwise compelled to cease reexamination.  *Id.* § 305.  Upon completion of the reexamination process, the USPTO "will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable."  *Id.* at § 307(a).

## DISCUSSION

The parties agree that courts have "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1989).  The parties further agree on the three factors courts routinely employ in determining whether to stay a patent infringement action pending reexamination: (1) whether a stay will simplify the issues in question and trial of the

case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g.*, *In re Cygnus Telecomm. Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

PCSN opposes a stay pending reexamination arguing that the delay will provide CPI an unreasonable time period to continue infringing the patent and the stay will not simplify the issues in question. CPI, however, argues that this early in the litigation there are several advantages to be gained, and few prejudices that would result, from staying the action.

Courts have recognized that "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings." *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471, *2 (S.D.N.Y. Aug. 10, 2000) ("Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings.").

The court agrees that the reexamination proceedings will eliminate, narrow, or clarify the disputed issues in this litigation. Any claims that are cancelled during the reexamination will not need to be litigated and those claims that survive reexamination may be amended. A stay would also prevent resources from being expended on invalid or amended claims. Moreover, the court believes that the USPTO's examination of the prior art will be beneficial to the litigation. Other courts have recognized that the reexamination process is beneficial in the "simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide

valuable analysis to the district court." *Ethicon*, 849 F.2d at 1428; *see also GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 63 (D. N. J. 1992).

PCSN claims that the delay of the reexamination period will prejudice it because it will allow CPI more time in which to infringe the patent. But PCSN waited nearly a year between sending a cease and desist letter to CPI and serving CPI with the Complaint. Courts have found that the "delay inherent in the reexamination process does not constitute, by itself, undue prejudice." *SKF Condition Monitoring, Inc. v. SAT Corp.*, 2008 WL 706851, *6 (S. D. Cal. Feb. 27, 2008). The statute requires the USPTO to conduct the reexamination with special dispatch. *See* 35 U.S.C. § 305. Because the reexamination has already been granted, the delay should be minimal. The court, therefore, finds no undue prejudice to PCSN. Any alleged infringement during the reexamination period can be quantified in the same manner as pre-examination infringement. Accordingly, based on the benefit of having the USPTO's analysis of the disputed claims, the resulting efficiencies in this case, and the lack of prejudice to PCSN from the delay, the court grants CPI's motion to stay the proceedings pending the USPTO's reexamination of the patent.

In the event that the court granted a stay, PCSN requested the court to impose certain conditions on the stay. The court concludes that there is no basis for any of the conditions PCSN seeks. The case shall be stayed pending reexamination of the claims by the USPTO. During that time, the clerk of this court is directed to administratively close the case. At the conclusion of the reexamination process, the parties shall notify the court to reopen the case.

DATED this 18th day of September, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge